UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRENCE TYREE EDWARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No:  2:14-cv-0098-CLS-JEO |
| ) | |
| PHYLLIS BILLUPS[1], Warden, ) | |
| and the ATTORNEY GENERAL ) | |
| OF THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents, ) | |

**MEMORANDUM OPINION**

This is an action seeking habeas relief pursuant to 28 U.S.C. § 2254.  It was filed by Terrence Tyree Edwards, an Alabama state prisoner acting *pro se*. (*See* Doc.[2] 1 (hereinafter "Petition" or "Pet.")).  On January 27, 2014, the magistrate judge entered a report pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(1), and LR 72.1(b)(3)(A) that included findings and a recommendation that the action be dismissed without prejudice to allow Petitioner to exhaust post-conviction remedies available in the state courts.  (Doc. 5).  Petitioner has now filed a "Notice to Rebutt

---

[1] Petitioner has identified "Warden Billipps" as a respondent to his habeas petition in this case.  Online records show that the Warden of the Kilby Correctional Facility where Petitioner is incarcerated is Phyllis Billups.  http://www.doc.alabama.gov/facility.aspx?loc=36.  The Clerk is directed to correct this respondent's name on docket sheet.

[2] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files system.

(sic)," which the court treats as interposing objections to the magistrate judge's report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(2). (Doc. 6).

In his latest filing, Petitioner concedes that his § 2254 habeas application is a "mixed petition" containing both exhausted and unexhausted claims, *see Rose v. Lundy*, 455 U.S. 509 (1982), and he acknowledges his desire to pursue remedies available under ALA. R. CRIM. P. 32 in an attempt to comply with federal exhaustion requirements. (Doc. 6 at 2). While the magistrate judge recommended that this action be dismissed without prejudice, Petitioner has now requested that the court instead "grant a stay" while he pursues relief in the Alabama courts under Rule 32. (*Id.*) However, to the extent that Petitioner is requesting a stay of only his unexhausted claims while he pursues relief on them in state court and he simultaneously proceeds in this court on his exhausted claims, that request is denied. Such piecemeal litigation of habeas claims by state prisoners is prohibited. *See Rose*, 455 U.S. at 518-20.

Likewise, to the extent that Petitioner is asking this court to stay this entire case and hold it in abeyance while he pursues relief in the state courts, *see Rhines v. Weber*, 544 U.S. 269, 275-76 (2005), that request is denied for the reasons stated in the magistrate judge's report and recommendation. (*See* Doc. 5 at 6-8). The "stay

and abeyance" procedure discussed in *Rhines* is "available only in limited circumstances," and requires a petitioner to show "good cause" for his failure to have first exhausted his claims in state court. 544 U.S. at 277. Petitioner has not satisfied that requirement, instead merely asserting generally that he is acting without an attorney and that he is unfamiliar with post-conviction relief procedures. There is also no indication that Petitioner would be unduly prejudiced by the statute of limitations, *see* 28 U.S.C. § 2244(d)(1), in any efforts to return to federal court assuming that he acts with due diligence to refile following the conclusion of any Rule 32 proceedings.

Finally, Petitioner also asks this court to give "instructions" to the Alabama court that would hear his Rule 32 petition that the State be made to "produce full discovery, pursuant to 28 U.S.C." and that Petitioner "be allowed to obtain funds for expert(s) and [an] attorney pursuant to Title 18 U.S.C. § 3006(a)." (Doc. 6 at 2). Those requests are also denied. Petitioner has not shown that he might be entitled to such relief, and, more to the point, it is not the province of this court to instruct or issue orders to the Alabama courts on such matters when they entertain a Rule 32 petition filed by a state prisoner.

Upon a *de novo* review of the entire file, including the magistrate judge's report and recommendation and Petitioner's objections thereto, the court has reached an

independent conclusion that the magistrate judge's report and recommendation is due to be ADOPTED and APPROVED. Petitioner's objections are OVERRULED. Accordingly, this action is due to be DISMISSED without prejudice, to allow Petitioner to exhaust available state remedies. A separate final order will be entered.

DONE this 28th day of March, 2014.

_____
United States District Judge